HOLLAND & KNIGHT LLP
  David M. Gonden (State Bar No. 154306)
50 California Suite 2800
San Francisco, California  94111-4624
Telephone (415) 743-6900
Facsimile (213) 743-6910

HOLLAND & KNIGHT LLP
  Tara L. Cooper (State Bar No. 239018)
633 West Fifth Street, 21st Floor
Los Angeles, California  90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Defendant
CAPSTONE BUSINESS CREDIT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&G FARMS<br><br>    and<br><br>AMARAL RANCHES<br><br>        Plaintiffs,<br><br>    v.<br><br>CAPSTONE BUSINESS CREDIT, LLC, TULARE FROZEN FOODS, LLC and DOES 1-10, Inclusive<br><br>        Defendants. | Case No. 1:09-CV-00032-LJO-DLB<br><br>**STIPULATION AND AGREED PROTECTIVE ORDER** |

This Stipulation and Agreed Protective Order ("Order") is entered into by and among Plaintiffs C&G Farms and Amaral Ranches ("Plaintiffs") and Defendant Capstone Business Credit, LLC ("Capstone") (collectively, the "Parties").

1
STIPULATION AND [PROPOSED] AGREED PROTECTIVE ORDER

1    WHEREAS on April 23, 2009, Plaintiffs filed their First Amended Complaint against Capstone (the "Action");

2    WHEREAS, the Parties have commenced discovery related to the Action; and

3    WHEREAS, the Parties recognize the need to effectuate legitimate discovery while protecting the Parties' interests in maintaining the confidentiality of certain proprietary, financial and confidential information;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned attorneys, as follows:

1.  For purposes of this Order, "Document" means any written, recorded, graphic, computer generated, or videotaped matter of any nature whatsoever, in any form whatsoever, including any discovery response or excerpt thereof which is served, produced or provided by any Party to any of the other Parties in connection with the Action.

2.  "Confidential Information" means any trade secret, proprietary, financial, accounting, private employment data, customer data, and other information that should be restricted from public information.

3.  "Confidential Document" means any Document containing Confidential Information. A Document will be considered a Confidential Document subject to this Order if it is clearly and conspicuously labeled "Confidential" on the cover or first page of the document at the time the Document is served on or produced or provided to any other Party or if it is so designed by letter by specifically identifying the Document by name, reasonable description, or Bates number. In addition, as soon as practicable after production in the Action of documents containing Confidential Information, a Party may designate from such documents those which contain Confidential Information as Confidential Documents.

4. "Confidential Document" also includes any deposition testimony or exhibit which contains, discusses, or refers to Confidential Information. The original and each copy of the transcript (including the exhibits) of each deposition taken in the Action subsequent to the date on which this Order is entered by the Court shall be marked:

> THIS DEPOSITION TRANSCRIPT (INCLUDING ANY EXHIBITS) MAY CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO AN AGREED PROTECTIVE ORDER LIMITING THE USE AND DISCLOSURE OF CERTAIN MATERIALS AND INFORMATION.
>
> DO NOT USE, COPY OR DISCLOSE THIS TRANSCRIPT (INCLUDING EXHIBITS) WITHOUT ASCERTAINING WHETHER THE TRANSCRIPT OR EXHIBITS ARE CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO THE PROTECTIVE ORDER.

5. If a question asked at a deposition calls for information contained in a Confidential Document or the question contains such information, or if a Confidential Document is made an exhibit to the deposition transcripts, counsel for the Party with an interest in protecting such information or Confidential Document may designate the information as confidential on the record.

6. Any person (including the Parties and the persons listed in Paragraph 7, subparagraphs a through f, of this Order) receiving a Confidential Document, whether formally or informally, in connection with the Action shall not use such document, or any information contained therein, for any purpose whatsoever other than the prosecution, defense or settlement of the Action.

7. Except with the prior written consent of the Party that produced the Confidential Document and unless the Confidential Document is obtained from an independent source, no Confidential Document and no information contained therein may be used, disclosed or in any way communicated to any person other than the following:

      a.    Any Party or counsel for any Party and person regularly employed by such Party or its counsel;

      b.    Consultants or experts retained by any Party or by their counsel, or potential witness (including deponents) who have a legitimate need for access to such Confidential Document in connection with their testimony in the Action;

      c.    Third parties employed by a Party or its counsel in a litigation support capacity to review, organize, encode, copy, analyze, or retrieve documents or information in connection with the Action;

      d.    Deposition and trial court reporters;

      e.    The Court and Court personnel; and

      f.    Any other person agreed to in writing by all the Parties.

8. With the exception of those persons identified in Paragraph 7(e), each Party shall notify each person to whom it discloses any Confidential Document or any information contained in any Confidential Document that the Confidential Document(s) and the information therein are subject to the terms of a protective order and may not be used, disclosed, or in any way communicated except pursuant to the terms of this Order. In addition, for each person identified in Paragraph 7(b) or (f), the Party shall obtain from each such person a signed written assurance to be bound by this Order in the form appended hereto as Exhibit "A" and shall maintain the signed written assurance until one hundred twenty (120) days after the termination of the Action by settlement, non-appealable final judgment, or exhaustion of all appeals.

9. Notwithstanding any other provision of this Order, if a Party inadvertently fails to designate material or information as "Confidential," the designation may be made by notifying the Parties hereto in writing as soon as practicable after discovering the inadvertent failure to designate. After receiving

such notification, the Party to whom production has been made will treat that material or information as "Confidential," subject to its right to challenge such designation in accordance with this Order.

10.   Should any non-party seek access to Confidential Documents by subpoena, request or otherwise, the recipient of the Confidential Documents, as applicable, shall give prompt written notice to the designating Party of such subpoena or request; shall object to the production of such Confidential Documents on the grounds of this Protective Order; and shall not interfere with the designating Party's own efforts in resisting any efforts by third parties to obtain Confidential Documents.  Unless within thirty (30) days of service of such notification the designating Party applies for an order from a court of competent jurisdiction precluding the receiving Party from complying with such subpoena or request, the receiving Party shall be free to produce the Confidential Documents.  If the designating Party applies for such an order, the receiving Party shall not produce the documents designated "Confidential" until after the Court rules on such application, or until the receiving Party is directed by a court of competent jurisdiction to produce the subject materials.

11.   A Party objecting to the designation of any Document or deposition testimony as "Confidential" shall first notify counsel for the Party that produced the Document or so designated the deposition testimony in writing, setting forth the specific reasons for such objection, and shall, on the same date, serve a copy of the written notifications on each of the other Parties.  Within ten (10) days of receiving such a notice, the Parties shall meet and confer regarding any objections to the designation of a Document or deposition testimony as "Confidential," and file a Joint Statement advising the Court as to any unresolved issues.  Motions regarding the designation will not be permitted until the Court has considered the Joint Statement.  All Parties will continue to treat any Documents or deposition testimony or exhibit with respect to which objection has been made as Confidential

Documents, in accordance with this Order, until the Parties have resolved, or the Court has ruled on, the objection. The parties may retroactively designate any documents or other materials as confidential that were used in any deposition prior to the effective date of this Order by following the procedures set forth herein.

12. In the event any Confidential Documents or any information derived from Confidential Documents are included in any Court filing or other Court presentation, such filing shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and placed in a sealed envelope marked with the caption of the case and lodged (not filed) with the Court under seal. In the event that the Court denies a motion or application to seal all or part of the Confidential Documents or any information derived from the Confidential Documents, the Parties shall meet and confer in good faith to resolve the issue in a manner that preserves the confidentiality of the unsealed information to the greatest extent practicable (including, if appropriate, by redacting the information to be filed).

13. Upon good cause shown, any Party hereto may apply to the Court for relief from or modification of any provision of this Order.

14. This Order is entered solely for the purpose of facilitating discovery in this Action without unnecessarily involving the Court. Nothing in this Order shall be deemed to have the effect of:

    a. An admission or waiver by any Party;

    b. Altering the confidential or proprietary or nonconfidential or nonproprietary nature of any document under the terms of this Order;

    c. Altering any existing obligation, privilege or right of any Party in the absence of this Order; or

    d. Limiting, preventing, or having any effect on the manner in which any Confidential Document or information contained in

any Confidential Document may be introduced into evidence or otherwise used at trial.

15. As to the use of Confidential Documents at trial, the Parties agree to exercise good faith and act reasonably and work with the Court in an effort to protect their confidentiality.

16. This Order shall remain in effect and shall govern the treatment and use of Confidential Documents even after the above-captioned Action is resolved through settlement, non-appealable final judgment, or exhaustion of all appeals.

Date: December ___ 2009        JOHNSON & MONCRIEF

                               By: /S/
                                   _____
                                   Lyn Woodward

                               Attorneys for Plaintiffs
                               C&G FARMS and AMARAL RANCHES

Date: December ___ 2009        HOLLAND & KNIGHT LLP

                               By: /S/
                                   _____
                                   Tara L. Cooper
                                   David Gonden

                               Attorneys for Defendant
                               CAPSTONE BUSINESS CREDIT, LLC

7
STIPULATION AND [PROPOSED] AGREED PROTECTIVE ORDER

# **ORDER**

GOOD CAUSE APPEARING, and based upon the Stipulation of counsel IT IS HEREBY ORDERED that the Court approves the above Stipulation for Protective Order subject to the following clarification, which supersedes any contradictory provision of the Stipulation.

IT IS FURTHER ORDERED that a party intending to file confidential information under seal with this Court shall comply with Local Rule 39-141 as to each such filing.

In moving for leave to file documents under seal the filing party shall:

Request sealing only as to those documents or portions of the documents which are claimed to be confidential and entitled to protection;

Shall be required to show good cause exists for the sealing of the documents. A designation of Confidential pursuant to this Protective Order is insufficient to demonstrate good cause to file under seal.

Dated: 11 December 2009           /s/ *Dennis L. Beck*
                                  U.S. Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION AND AGREED PROTECTIVE ORDER

I, _____, hereby acknowledge that:

1.  I have received a copy of the Stipulation and Agreed Protective Order (the "Order") entered on January \_\_\_, 2010 in the case entitled *C&G Farms et al. v. Capstone Business Credit LLC, et al.*, Case No. 1:09-CV-00032-LJO-DLB;

2.  I have reviewed the Order;

3.  I agree to be bound by the terms of the Order, and specifically agree that I will not use, disclose, disseminate or otherwise make public any Confidential Documents (as defined in the Order) or Confidential Information contained in such Confidential Documents other than as allowed by the Order or otherwise agreed to in writing by the Parties to the Order or ordered by the Court; and

4.  I understand that violation of this Agreement or the Order may constitute contempt of court.

DATED:_____, 2009

_____
Signature

_____
Printed Name

# 9028224_v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1       STIPULATION AND [PROPOSED] AGREED PROTECTIVE ORDER