# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&G FARMS, et al., | 1:09cv0032 LJO SKO |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL IN PART |
| v. | (Document 37) |
| LINDSAY FOODS INTERNATIONAL, et al., | |
| Defendants. | |

Plaintiffs C&G Farms and Amaral Ranches ("Plaintiffs") filed the instant motion to compel on March 3, 2010. The matter was heard on April 16, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge.[1] Dennis Lewis appeared on behalf of Plaintiffs. Tara Cooper appeared on behalf of Defendant Capstone Business Credit, LLC ("Capstone").

## **BACKGROUND**

Plaintiffs filed the instant breach of contract action on January 6, 2009, against Defendants Lindsay Foods International, Tulare Frozen Foods, LLC, and Capstone Business Credit, LLC. Plaintiffs filed a First Amended Complaint as of right on April 23, 2009, removing Lindsay Foods as a Defendant. On July 9, 2009, the Court dismissed Tulare Frozen Foods, LLC pursuant to Plaintiffs' notice of voluntary dismissal.

---

[1] Due to the recent appointment of Magistrate Judge Sheila K. Oberto, the case was reassigned to Judge Oberto on April 13, 2010.

1

On March 17, 2010, after receiving leave of Court, Plaintiffs filed a Second Amended Complaint ("SAC").  The SAC adds Capstone Capital Group I, LLC, John R. Rice, Joseph F. Ingrassia, Capstone Group, Inc., and The Capstone Group, LLC as Defendants.

Plaintiffs seek to recover amounts due for produce sold to Lindsay Foods in 2006 and 2007.  Plaintiff contend that the sale of the produce was subject to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA").

Plaintiffs further allege that Capstone began lending money to Lindsay Foods and took a security interest in assets of Lindsay Foods, including real property, inventory, accounts receivable, equipment and other assets.  Between February 2007 and May 2008, Capstone, its managing members John R. Rice and Joseph F. Ingrasia, and Capstone Capital Group had substantial control over the assets of Lindsay Foods and controlled decisions as to which creditors would be paid and in what amount.  Plaintiffs allege that they elected to pay themselves and other non-PACA creditors.

Plaintiffs contend that they are beneficiaries of a PACA-created trust over all of Lindsay Foods' perishable agricultural commodities, all inventories of food or other products derived from the sale of the produce and all proceeds derived from the sale of the products.  Plaintiffs further contend that Capstone and Capstone Capital Group knew or should have known that Lindsay Foods owed money and that its assets were subject to a floating PACA trust in favor of Plaintiffs.

Based on these allegations, each Plaintiff alleges causes of action for (1) breach of contract, (2) declaratory judgment, (3) unlawful receipt and retention of PACA trust assets, (4) violation of PACA by direct contract and (5) violation of PACA by controlling and directing payments of Lindsay Foods' assets.

Plaintiffs filed the instant motion to compel against Capstone on March 3, 2010.  Plaintiffs seek to compel responses to Request for Interrogatories and Request for Production of Documents.  Plaintiffs also seek sanctions in the amount of $4,412.00.

The parties filed their joint statement on April 9, 2010.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Plaintiffs move to compel responses to Interrogatories numbers 5, 6, 7, 8, 9, 10, 12, 13 and 14, and document production for Requests numbers 2-21. As indicated in the joint statement and confirmed at the hearing, Capstone intends to provide supplemental responses to all interrogatories. Capstone also intends to provide supplemental responses to all requests for production, except for numbers 3, 12, 13 and 19, which remain at issue.

A.  <u>Request for Production Numbers 3, 12 and 13</u>

Request numbers 3, 12 and 13 seek documents that relate or refer to communications and/or documents exchanged between Capstone and "third parties." Capstone objects to the term "third parties" as vague, arguing that there are a countless number of third parties that would come into contact with the loan agreements, under circumstances and in situations that would have no relevance to Plaintiffs' claims.

The term "third parties" is sufficiently broad so as to include documents that are not likely relevant to this litigation. However, it is possible for the requests to be narrowed by providing a more precise description of the documents and/or communications sought. For example, based on the allegations in Plaintiffs' complaint, Plaintiffs most likely seek documents or communications that reveal information relating to Capstone's affect on, or control over, Lindsay's assets. With this in mind, the parties have agreed to work together in narrowing the definition of the documents and/or communications sought.

B.  <u>Request Number 19</u>

Request Number 19 seeks "Any and all DOCUMENTS which RELATE OR REFER TO any product grown by PLAINTIFFS, and or delivered by PLAINTIFFS, for YOU or LINDSAY between January 1, 2006 and present."

3

1    Capstone argues that the request is vague and ambiguous because it does not know what
2 products were grown and/or delivered by Plaintiffs to Lindsay.  Capstone acts in a traditional
3 lender role with regard to Lindsay, and therefore argues that it does not have the requisite
4 predicate knowledge regarding the information sought.
5    Despite Capstone's argument, the request is not ambiguous because it sufficiently
6 identifies the documents sought..  The request seeks documents related to the deliveries at issue
7 in this action, and as discussed at the hearing, Capstone is either in possession of such documents
8 or it is not.  Capstone indicated that it is unaware of the location of Lindsay's documents but
9 agreed to answer the request.

## ORDER

Plaintiffs' motion to compel is therefore GRANTED IN PART as to Requests for Production numbers 3, 12, 13 and 19.  The motion is DENIED AS MOOT as to the remaining requests.

Capstone SHALL provide supplemental responses within twenty (20) days of the date of service of this order.  If Capstone needs more time for document production, it may discuss such a request with Plaintiffs.  Within thirty (30) days, however, Plaintiffs must inform the Court whether the supplemental production was sufficient.  The Court will defer ruling on Plaintiffs' request for sanctions until after the supplemental responses are received.

*IT IS SO ORDERED.*

*Dated:   **April 19, 2010**              **/s/ Dennis L. Beck**    *
                                          *UNITED STATES MAGISTRATE JUDGE*