# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

C&G FARMS, et al,

Plaintiff,

v.

LINDSAY FOODS INTERNATIONAL, et al.,

Defendant.

_________________________________/

CASE NO. 1:09-cv-00032-LJO-SKO

**ORDER ON PARTIES' STIPULATED REQUEST FOR A REVISED SCHEDULE**

(Docket No. 99)

**I. Background**

The Court notes that this is the parties' *third* request for a revised scheduling order.

On May 11, 2010, the parties filed a stipulated request for a revised scheduling order. (Doc. 61.) The dates proposed in the parties' request for a revised schedule were untenable in several respects. For example, the parties requested non-dispositive motion filing and hearing deadlines that fell *after* the proposed dispositive motion filing and hearing deadlines, the amount of time between the filing deadlines and the hearing deadlines did not provide enough time to properly notice a motion, and the non-dispositive motions were proposed to be heard *after* the pre-trial conference. In short, the schedule proposed by the parties was completely untenable.

On May 27, 2010, the Court undertook efforts to revise the schedule in a manner that was actually feasible and granted the parties' request, necessarily ordering dates that differed substantially

from the parties' requested dates. (Doc. 64.)

On November 15, 2010, the parties filed another request for a revised schedule that proposed less than carefully thought out deadlines such as a dispositive motion hearing deadline of April 4, 2011, which is *after* the proposed pre-trial conference date of March 14, 2011, and only 21 days prior to the trial date of April 25, 2011.

On November 17, 2010, the Court issued an order denying this request explaining that the dates proposed were unworkable. However, the Court allowed the parties another opportunity to propose a revised schedule that was actually feasible.

*Three weeks later*, on December 8, 2010, the parties submitted yet another request for a revision to the schedule that proposes unworkable dates. (Doc. 99.) For example, the parties propose to have the dispositive hearing deadline set three days before the pre-trial conference. As the parties are aware, three days is hardly sufficient time for the Court to address any dispositive motions prior to the pre-trial conference. Moreover, the pre-trial conference statement would be due before the dispositive hearing deadline, placing the parties in the obscure position of attempting to set forth trial issues without any indication regarding the results of a dispositive motion.

Moreover, the parties' representation that they have engaged in settlement discussions is not good cause for a wholesale continuance of most of the schedule deadlines – especially the unreasonable deadlines proposed by the parties.

**II. Order**

After reviewing the parties' proposed revised schedule, the only portions that may be revised are the deadlines for non-expert and expert discovery as well as the non-dispositive motion deadlines. Therefore, the schedule deadlines will be revised as follows:

1. Non-Expert Discovery — January 10, 2011
2. Expert Discovery — January 10, 2011
3. Non-Dispositive Motion Filing — January 14, 2011
4. Non-Dispositive Motion Hearing — February 16, 2011

**All other dates remain unchanged, including the date for filing and hearing dispositive motions, the pre-trial conference date, and the trial date.** The parties are ADMONISHED that

this is the FINAL revision of the schedule that will be granted absent circumstances establishing **truly good cause**.

Accordingly, IT IS HEREBY ORDERED that the parties' request for an extension of their scheduling deadlines is GRANTED IN PART and DENIED IN PART.

If the parties would like the Court's assistance with resolving the case, they are encouraged to contact the Court to set a settlement conference.

IT IS SO ORDERED.

**Dated: December 10, 2010**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE