IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&G FARMS, INC.,<br>GEORGE AMARAL RANCHES, INC.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CAPSTONE BUSINESS CREDIT, LLC,<br>et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-0032 LJO SKO<br><br>**ORDER DENYING MOTION<br>TO SEAL DOCUMENTS** |

      Plaintiff George Amaral Ranches, Inc. submitted a request to seal documents it seeks to file in support of its Motion for Summary Judgment. (Doc. 115, 123.) The documents requested to be sealed are identified as Exhibits 1 through 23. According to plaintiff's request, the documents "have been designated as 'Confidential'" pursuant to the Court's protective order   The protective order designates "confidential information" as:

> "Confidential Information" means any trade secret, proprietary, financial, accounting, private employment data, customer data, and other information that should be restricted from public information. (Doc. 27.)

      There is a strong presumption in favor of public access to judicial documents. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Every court, however, has inherent, supervisory power over its own records and files. Thus, even where a right of public access exists, access may be denied where the court determines that court-filed documents may be used for

improper purposes. *Hagestad v. Tragesser*, 49 F3d 1430, 1433–1434 (9th Cir. 1995). "Compelling reasons" must be shown to seal judicial records attached to a dispositive motion (e.g., motion for summary judgment). Such reasons may include using the records "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials. *Kamakana,* 447 F.3d at 1179.

Here, plaintiff's ground for the request to seal is the existence of the protective order. This ground does not establish a "compelling" reason to seal all exhibits. Indeed, there is a strong public interest in access to information. While some or all of the requested documents may have been sealed previously, the Court finds that plaintiff has failed to state a compelling reason to do so now. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Kamakana,* 447 F.3d at 1179. Plaintiff has failed to provide any reasons to justify wholesale sealing of every exhibit submitted in support of the motion for summary judgment.

For the foregoing reasons, the Court DENIES the motion to seal documents without prejudice. Plaintiff may file a request which narrowly tailors documents to be sealed so as to protect only that information that is confidential.

IT IS SO ORDERED.

**Dated:   January 19, 2011**                    **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE